**Donyel V. BROWN, Petitioner–
Appellant,**

v.

**Ernie ROE, Warden, Respondent–
Appellee.**

No. 00–16943.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 14, 2001.

Filed Jan. 29, 2002.

Quin Denver; David M. Porter, Office of the Federal Defender, for Petitioner–Appellant Donyel V. Brown.

Bill Lockyer; David P. Druliner; Robert R. Anderson; Arnold O. Overoye; Erik R. Brunkal, Attorney General of the State of California, for Respondent Appellee Ernie Roe, Warden.

Before POLITZ,[1] W. FLETCHER, and FISHER, Circuit Judges.

## OPINION

WILLIAM A. FLETCHER, Circuit Judge.

Petitioner Donyel V. Brown appeals the district court's dismissal of his petition for writ of habeas corpus as untimely, arguing that he is entitled to equitable tolling of the statute of limitations. The state counters that because Brown made his claim of equitable tolling for the first time in his objection to the magistrate judge's findings and recommendation, the district court's refusal to consider the claim must be upheld under *United States v. Howell*, 231 F.3d 615 (9th Cir.2000). We reverse and remand for consideration of Brown's claim of equitable tolling.

**I**

Brown is serving a sentence of thirty-four years to life in California state prison. Proceeding *pro se* and *in forma pauperis*, he filed a petition for writ of habeas corpus in federal district court on November 24, 1999. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires a state prisoner to file a federal habeas petition within one year after his state conviction becomes final, or one year after the effective date of AEDPA, whichever is later. *See* 28 U.S.C. § 2244(d); *Patterson v. Stewart*, 251 F.3d 1243, 1245–46 (9th Cir.2001). Although Brown's conviction became final prior to the passage of AEDPA, the statute's time limits apply because Brown filed his petition after AEDPA's effective date. *See Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283 (9th Cir.1997), overruled in part on other grounds by *Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530 (9th Cir.1998); *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir. 1999). Absent tolling, Brown thus had until April 24, 1997—one year from AEDPA's effective date of April 24, 1996—to file his petition. *See Patterson*, 251 F.3d at 1246. However, Brown did not file his petition until November 1999.

The state filed a motion to dismiss Brown's federal habeas petition as untimely on January 21, 2000. On April 21, 2000, a magistrate judge issued findings and a recommendation that the petition be dismissed. On June 21, 2000, Brown objected to the findings and recommendation, arguing for the first time that the statute should be equitably tolled because he had not been provided adequate access to legal assistance as required by *Bounds v.*

---

1. Honorable Henry A. Politz, Senior Circuit Judge for the Fifth Circuit, sitting by designa- tion.

*Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). *See Beeler,* 128 F.3d at 1288 (9th Cir.1997) (AEDPA's statute of limitations is subject to equitable tolling). Still proceeding *pro se,* Brown moved for a discovery order to compel the respondent to produce evidence relevant to equitable tolling. *See Whalem/Hunt v. Early,* 233 F.3d 1146, 1148 (9th Cir.2000) (en banc) (holding a district court errs in dismissing a habeas petition without first pursuing factual development of an equitable tolling claim). The state opposed the motion as inappropriate in light of the magistrate's recommendation that the petition be dismissed.

On August 17, 2000, the district court adopted the magistrate's findings and recommendation in full. The district court's order stated that the court had conducted a *de novo* examination of the issues raised in Brown's objections as required by 28 U.S.C. § 636(b)(1)(C), but it did not mention Brown's equitable tolling argument. Brown timely appealed to this court. We granted a Certificate of Appealability (COA) limited to the issue of "whether the district court erred by failing to address appellant's equitable tolling issues." On December 11, 2000, after granting the COA, we appointed counsel for Brown.

## II

■ Brown argues that the district court erred in failing to consider his equitable tolling claim as part of its *de novo* review of the magistrate's findings and recommendation. The state argues, in opposition, that the district court was not required to consider the claim because Brown made it for the first time as an objection to the magistrate judge's findings and recommendation. *See United States v. Howell,* 231 F.3d 615, 621–22 (9th Cir.2000). We review the district judge's decision for abuse of discretion. *See id.*

■ Section 636(b)(1)(C) of the Federal Magistrates Act provides:

> A judge of the court *shall* make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court *may* accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge *may also* receive further evidence or recommit the matter to the magistrate with instructions.

28 U.S.C. § 636(b)(1)(C) (emphasis added). In *Howell,* we rejected the argument that a district judge must always consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation. We instead adopted the rule followed by the First and Fifth Circuits, holding that "a district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." *Howell,* 231 F.3d at 621, *citing Freeman v. County of Bexar,* 142 F.3d 848, 850–53 (5th Cir.1998) and *Paterson–Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.,* 840 F.2d 985, 990 (1st Cir.1988). We emphasized, however, "that in making a decision on whether to consider newly offered evidence, the district court must actually exercise its discretion, rather than summarily accepting or denying the motion." *Id.* at 621–22.

■ In *Howell,* the defendant had moved before trial to suppress his confession and had sought an evidentiary hearing. Howell's motion, comprised of "boilerplate language," was submitted to a magistrate judge. The magistrate declined to hold an evidentiary hearing and "recommended that the district court deny Howell's motion to suppress because 'Howell ha[d] failed to make any allegations,

which if taken as true, would persuade a court to suppress the confession.' " *Id.* at 620. Then, in his objection to the magistrate judge's report, Howell offered for the first time specific factual allegations and again sought an evidentiary hearing. We affirmed the district court's decision not to consider the counseled defendant's supplemental factual allegations. The district court in *Howell* had explained, " 'The defendant had the opportunity to put in more specifics regarding the *Miranda* issue, did not do so, and therefore I upheld the magistrate judge's determination because it was based on the state of the record at that time. I did not exercise my discretion to allow the record to be supplemented.' " *Id.* at 623. We concluded, "Because Howell neglected to present any facts to the magistrate judge and failed to adequately explain this deficiency, the district court did not abuse its discretion." *Id.*

For two separate reasons, we hold that the district court abused its discretion in this case in failing to consider Brown's equitable tolling claim. First, there is nothing in the record that shows the district court "actually exercise[d] its discretion," *Howell*, 231 F.3d at 622, in refusing to consider Brown's newly-raised claim. Unlike the district court's statement in *Howell*, which specifically addressed Howell's newly-raised objection and gave reasons for rejecting it, the district court's order in this case is very brief, stating without elaboration that it conducted a *de novo* review of the magistrate's findings and recommendations.

Second, unlike the litigant in *Howell*, who was represented by counsel, Brown was a *pro se* petitioner at all relevant times and was making a relatively novel claim under a relatively new statute. He has a third-grade education and is functionally illiterate. *Pro se* habeas petitioners occupy a unique position in the law.

*See, e.g., Price v. Johnston*, 334 U.S. 266, 292, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948), *overruled on other grounds by McCleskey v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991) ("Prisoners are often unlearned in the law.... Since they act so often as their own counsel in habeas corpus proceedings, we cannot impose on them the same high standards of the legal art which we might place on the members of the legal profession."). *See also Maleng v. Cook*, 490 U.S. 488, 493, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (*pro se* pleadings must be construed liberally); *Darr v. Burford*, 339 U.S. 200, 203, 70 S.Ct. 587, 94 L.Ed. 761 (1950), *overruled on other grounds by Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963) (to make protection afforded by the writ of habeas corpus effective for "unlettered prisoners without friends or funds," federal courts have "long disregarded legalistic requirements in examining applications for the writ"); *Holiday v. Johnston*, 313 U.S. 342, 350, 61 S.Ct. 1015, 85 L.Ed. 1392 (1941) (*pro se* petition for habeas corpus ought not be scrutinized for technical nicety); *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1988) ("This court recognizes that it has a duty to ensure that *pro se* litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements."); *Wimmer v. Cook*, 774 F.2d 68, 74 (4th Cir.1985) ("[W]e hardly think that a prisoner proceeding *pro se* and *in forma pauperis* can be expected to understand the intricacies of a statute that has engendered as much litigation as the Federal Magistrates Act."). We hold that on the facts of this case, even if the district court had "exercised its discretion," it would have been an abuse of that discretion to refuse to consider petitioner Brown's equitable tolling claim.

In holding that the district court abused its discretion, we do not go as far as the

Fourth Circuit, which has held that a district court *must* consider new arguments raised for the first time in an objection to a magistrate judge's findings and recommendation. *See United States v. George*, 971 F.2d 1113 (4th Cir.1992). Not only was the district court in *George* held not to have discretion to refuse to consider the new arguments; in addition, the arguments in question were neither novel nor unexpected, and the party allowed to assert them was the United States rather than a *pro se* petitioner.

### III

■ *Pro se* habeas petitioners are to be afforded "the benefit of any doubt," *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985), and petitioner Brown should have been given the benefit of the doubt here. In the circumstances of this case, the district court abused its discretion in refusing to allow Brown to present a new argument in objection to the magistrate judge's findings and recommendation. We reverse and remand for consideration of Brown's equitable tolling claim and appropriate development of the record. We note that Brown has moved for appointment of counsel in the district court. We believe that such a matter is best addressed by the district court in the first instance.

REVERSED and REMANDED.