**Edil ASTORGA, Petitioner—Appellant,**

v.

**Cal TERHUNE, Warden; Attorney General State of California, Respondents—Appellees.**

No. 00–56662.

D.C. No. CV–99–01438–GLT.

United States Court of Appeals, Ninth Circuit.

Submitted June 3, 2002.*

Decided June 7, 2002.

Before O'SCANNLAIN, RYMER, and THOMAS, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Following a jury trial in Orange County Superior Court, Petitioner Edil Astorga was convicted of first degree murder and attempted first degree robbery. The jury also found that Astorga was armed with a handgun during the commission of the crimes. He was sentenced to twenty-six years to life in state prison. Astorga's case is before us now on appeal from the district court's denial of his federal habeas petition as untimely under 28 U.S.C. § 2244(d)(1). The facts and prior proceedings are known to the parties, and are restated herein only as necessary.

### I

A motions panel of this court granted Astorga's request for a Certificate of Appealability ("COA") limited to the issue of "whether the district court erred by failing to address appellant's equitable tolling argument." [1] *Astorga v. Terhune,* No. 00–56664, at 1 (9th Cir. filed Dec. 8, 2000) (Order granting COA); *see* Fed. R.App. P. 22(b)(1); 9th Cir. R. 22–1(c). Regrettably, however, both parties devoted their briefing before us to arguing whether Astorga is *actually entitled* to equitable tolling, rather than answering the certified question. Nonetheless, *Brown v. Roe,* 279 F.3d 742 (9th Cir.2002), which we recently decided, clearly answers the certified question.

*Brown,* like this case, involved a state prisoner who filed a pro se petition for a writ of habeas corpus in federal district court. In *Brown,* as here, the state responded by filing a motion to dismiss the petition as untimely. In both cases, in response to the motion, a magistrate judge issued findings and a recommendation that

the petition be dismissed; neither dealt with the issue of equitable tolling. In both, the prisoners timely filed objections, arguing that AEDPA's statute of limitations should be equitably tolled. In both cases, the district court adopted the magistrate's findings and recommendations in full, stating that it had conducted a *de novo* examination of the issues raised in the objections as required by 28 U.S.C. § 636(b)(1)(C), but not specifically mentioning the equitable tolling argument.

In *Brown,* we granted a COA containing the exact same language as the COA in this case. On appeal, we held, "[f]or two separate reasons," that "the district court abused its discretion in this case in failing to consider Brown's equitable tolling claim." *Id.* at 745. First, "there is nothing in the record that shows the district court actually exercised its discretion in refusing to consider Brown's newly-raised claim." *Id.* (citation omitted) (internal quotation marks and alteration omitted). Second, "Brown was a pro se petitioner at all relevant times and was making a relatively novel claim under a relatively new statute. He has a third-grade education and is functionally illiterate. Pro se habeas petitioners occupy a unique position in the law." *Id.* Accordingly, "even if the district court had 'exercised its discretion,' it would have been an abuse of that discretion to refuse to consider petitioner Brown's equitable tolling claim." *Id.* We therefore remanded "for consideration of Brown's equitable tolling claim." *Id.* at 746; *see also Whalem/Hunt v. Early,* 233 F.3d 1146, 1148 (9th Cir.2000) (en banc).

The facts of this case are indistinguishable from those of *Brown.* Thus, *Brown*

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The scope of review in habeas appeals is limited to those issues specified in the COA. 28 U.S.C. § 2253(c)(1)(B); *Hiivala v. Wood,* 195 F.3d 1098, 1102 (9th Cir.1999).

controls, and therefore, we must conclude that the district court abused its discretion in failing, expressly of record, to consider Astorga's equitable tolling claim. We therefore vacate the district court's order dismissing the petition as untimely, and remand for a determination on the record of whether Astorga is, in fact, entitled to equitable tolling.

## II

Because the "determination[ ] of ... whether there are grounds for equitable tolling [is] highly fact-dependent, and because the district court is in a better position to develop the facts and assess their legal significance in the first instance," *Whalem/Hunt*, 233 F.3d at 1148, we express no opinion on whether Astorga is, in fact, entitled to equitable tolling.

VACATED and REMANDED.