Scott BREVERMAN, Petitioner–
Appellant,

v.

C.A. TERHUNE, Director; Attorney
General of the State of California,
Respondents–Appellees.

No. 02–56827.

D.C. No. CV–00–12605–PA.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 11, 2005.

Decided Oct. 19, 2005.

Scott Breverman, San Diego, CA, pro se.

Robert J. Waters, Nasatir, Hirsch, Poberesky & Genego, Santa Monica, CA, Margaret E. Maxwell, Office of the California Attorney General, Los Angeles, CA, for Respondents–Appellees.

Before REINHARDT, KOZINSKI, and BERZON, Circuit Judges.

**414**

MEMORANDUM *

Scott Breverman appeals the district court's dismissal with prejudice of his petition for habeas corpus on the merits. In addition, Breverman alleges two procedural errors: (1) the district court's refusal to consider his ineffective assistance of counsel claim because it was first raised in the traverse; and (2) the district court's denial of his request to stay federal proceedings to allow him to exhaust his ineffective assistance claim in state court. We affirm the district court's ruling as to Breverman's claims it considered on the merits but reverse the decision not to consider the ineffective assistance claim.

■ **1.** The sole issue originally raised by Breverman in his federal habeas petition is that the state trial court erred by failing *sua sponte* to instruct the jury on the "heat-of-passion" theory of voluntary manslaughter as a lesser included offense. The district court properly rejected this argument. Only in capital cases is a court constitutionally required to instruct the jury on lesser included offenses supported by the evidence. *Beck v. Alabama,* 447 U.S. 625, 638, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980); *Windham v. Merkle,* 163 F.3d 1092, 1106 (9th Cir.1998). Accordingly, the ruling of the state court was not "contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States" as required for habeas relief under 28 U.S.C. § 2254(d)(1).

■ We are also unpersuaded by Breverman's argument that the trial court's failure *sua sponte* to instruct the jury deprived him of a right to "present a defense" to the jury. To raise the preclusion of a defense claim Breverman would have had to have *requested* the heat-of-passion jury instruction, not relied on the court to provide it *sua sponte.* See *Bashor v. Risley,* 730 F.2d 1228, 1240 (9th Cir.1984). Accordingly, we affirm the dismissal of Breverman's heat-of-passion claims.

■ **2.** Breverman also appeals from the district court's decision not to consider his ineffective assistance of counsel claim on the grounds that it was raised only in the traverse, not in his original petition. Although this court has said that "[a] Traverse is not the proper pleading to raise additional grounds for relief," *Cacoperdo v. Demosthenes,* 37 F.3d 504, 507 (9th Cir. 1994), this statement does not stand for the absolute bar the state suggests. Subsequent case law holds that a district court "has discretion, but is not required," to consider evidence and claims raised for the first time in the objection to a magistrate judge's report. *United States v. Howell,* 231 F.3d 615, 621 (9th Cir.2000); *see also Brown v. Roe,* 279 F.3d 742, 745 (9th Cir. 2002). The district court must, however, "actually exercise its discretion" and not merely accept or deny the new claims. *Howell,* 231 F.3d at 622. As the traverse is filed at an earlier stage of the proceedings, the holdings of *Brown* and *Howell* apply at that time as well.[1] Because the district court merely stated that it "declines to discuss" Breverman's ineffective assistance claim, we cannot determine whether the court exercised its discretion as to whether to consider the issue, or believed that it was precluded from considering it.

Accordingly, we reverse and remand to allow the district court the opportunity to exercise its discretion concerning whether to consider this claim. We note that, in

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Our case law indicates that district courts do sometimes consider claims raised by petitioners in the traverse. *See Jackson v. Roe,* 425 F.3d 654, 661–62 n. 1 (9th Cir.2005).

exercising discretion as to whether to consider issues first raised after the petition was filed, *Brown* counsels courts to give *pro se* litigants (such as Breverman, at the time his petition was filed) "the benefit of the doubt." *Brown,* 279 F.3d at 746.

3. Finally, Breverman appeals the district court's refusal to stay federal proceedings to allow him to exhaust his ineffective assistance claim in state court. In light of our resolution of the above issues, we need not address the question of whether the district court should have granted Breverman's request for a stay.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**