**William Scott MANCIANO,**
**Petitioner—Appellant,**

v.

**Michael BUDGE, et al., Respondent—**
**Appellee.**

No. 05–15878.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 19, 2006.

Filed July 26, 2006.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

---

William Scott Manciano, Carson City, NV, pro se.

Linda Marie Bell, Esq., FPDNV—Federal Public Defender's Office, Las Vegas, NV, for Petitioner—Appellant.

Brian Sandoval, Esq., AGNV—Office of The Nevada Attorney General, Carson City, NV, for Respondent–Appellee.

Before: RYMER and WARDLAW, Circuit Judges, and WARE,* District Judge.

## MEMORANDUM **

Nevada State prisoner William Scott Manciano appeals from the district court's denial of his § 2254 petition for writ of habeas corpus challenging his conviction for first degree arson, three counts of attempted murder, and one count of maiming or disfiguring another person's animal. We affirm.

Manciano exhausted his state appeals and state habeas remedies. Manciano contends that his trial counsel rendered ineffective assistance by failing to inform him about a plea offer tendered by the state prosecutor and failing to make other cited objections. Manciano also contends that the district judge erred in failing to conduct an evidentiary hearing with respect to his ineffectiveness of counsel claim.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We review de novo the denial of a § 2254 petition, *see Karis v. Calderon,* 283 F.3d 1117, 1126 (9th Cir.2002). A district court's decision to deny an evidentiary hearing in a habeas proceeding is reviewed for abuse of discretion. *See id.*

A federal habeas court may grant relief if the relevant state court decision was either: (1) contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted from an unreasonable determination of the facts in light of the evidence presented at state court proceedings. 28 U.S.C. § 2254(d); *Lockyer v. Andrade,* 538 U.S. 63, 70–71, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003); *Williams v. Taylor,* 529 U.S. 362, 404–05, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

█ We affirm the decision of the district court. The Nevada Supreme Court's decision was neither contrary to, nor an unreasonable application of, *Strickland v. Washington,* 466 U.S. 668, 691–94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in determining that Manciano was not prejudiced even if counsel's performance was deficient. *See* 28 U.S.C. § 2254(d)(1), (e)(1). Manciano submitted no evidence to the state courts that he would have accepted a plea offer, or that an *Alford* plea would have been made or entered. Even though *pro se* litigants are afforded "the benefit of any doubt," *Brown v. Roe,* 279 F.3d 742,

---

* The Honorable James Ware, United States District Judge for the Northern District of California, sitting by designation.

746 (9th Cir.2002), it was not objectively unreasonable for the Nevada court to find as it did.

Similarly, we find no basis for habeas relief from the district court's declination to hold an evidentiary hearing. Manciano presents no circumstances which, if proven, would entitle him to relief. *Insyxiengmay v. Morgan,* 403 F.3d 657, 670 (9th Cir.2005).

■ Manciano's claim that his trial counsel was ineffective for failing to challenge the destruction of allegedly exculpatory evidence from the scene of the fire fails for lack of specificity as to what exculpatory evidence would have been discovered and how it would have affected the case. *James v. Borg,* 24 F.3d 20, 26 (9th Cir.1994).

The Nevada Supreme Court's determination that counsel was not ineffective in failing to object to the prosecutor's opening statement was not contrary to, or an unreasonable application of, clearly established federal law. Manciano fails to convincingly show that the prosecutor's comments about how the fire started " 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.' " *Darden v. Wainwright,* 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986), *quoting Donnelly v. DeChristoforo,* 416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974).

On appeal, Manciano contends that his convictions for arson and attempted murder were not supported by evidence beyond a reasonable doubt. A Certificate of Appealability is a pre-requisite to our ruling on any issue a petitioner raises on appeal. 28 U.S.C § 2253(c)(1). Although Manciano properly sought certification of these issues, 9th Cir.R.22–1(e), we decline to expand the Certificate of Appealability because the issues are not "debatable among jurists of reason." *Allen v. Ornoski,* 435 F.3d 946, 951 (9th Cir.2006).

AFFIRMED.