**Robert Lee LOPEZ, Petitioner— Appellant,**

v.

**Scott KERNAN, Warden, Respondent— Appellee.**

**No. 05–15438.**

United States Court of Appeals, Ninth Circuit.

Submitted July 25, 2006.*

Filed July 27, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert Lee Lopez, Ione, CA, pro se.

Joseph J. Wiseman, Esq., Joseph J. Wiseman, PC, Sacramento, CA, for Petitioner–Appellant.

Brian Means, Justain P. Riley, DAG, AGCA—Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: T.G. NELSON, SILVERMAN, and RAWLINSON, Circuit Judges.

## MEMORANDUM [**]

Richard Lee Lopez appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition as untimely pursuant to 28 U.S.C. § 2244(d)(1). We have jurisdiction under 28 U.S.C. § 2253 and reverse and remand for further factual development.

We review the district court's dismissal of the habeas petition as time-barred de novo. *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir.2003); *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir.2003).

A petitioner is entitled to an evidentiary hearing or an opportunity for further factual development of equitable tolling if he alleges facts "that would if true, entitle him to equitable tolling." *Laws,* 351 F.3d at 921.

With his Objections to the Report and Recommendation, Lopez produced a letter from Sally Friel, a prison social worker, recounting petitioner's mental health history. The letter states that, during the relevant time, petitioner's diagnosis was changed to "Major Depression with Psychotic Features" and that he had major impairments in thinking, mood, work, school, and that these impairments would prevent him from mastering the complexities of the legal system. The district judge did not address this letter when he adopted the Report and Recommendation. This letter was sufficient to trigger further factual development of the record. *Id.* at 923–24; *Brown v. Roe,* 279 F.3d 742, 745–46 (9th Cir.2002).

We reverse the district court's dismissal of the habeas petition and remand for an evidentiary hearing or such other further factual development as may be necessary to determine whether Lopez is entitled to equitable tolling of the statute of limitations.

REVERSED AND REMANDED.

RAWLINSON, Circuit Judge, concurring:

I concur in the result.

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.