**Ezzard Charles ELLIS, Petitioner—Appellant,**

v.

**C.M. HARRISON, Warden, Respondent—Appellee.**

**No. 06–56159.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 6, 2008.

Filed March 24, 2008.

Linda L. Griffis, Esq., Federal Public Defender's Office, Los Angeles, CA, for Petitioner–Appellant.

Ezzard Charles Ellis, Lancaster, CA, pro se.

Warren P. Robinson, Esq., Matthew C. Mulford, Esq., Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: SCHROEDER, WARDLAW and TALLMAN, Circuit Judges.

### MEMORANDUM *

Ezzard Charles Ellis, convicted of murder in California in 1991, is currently serving a life sentence. On June 14, 2005, he filed his first federal habeas corpus petition. The district court dismissed the petition as untimely and Ellis appealed. For the reasons set forth below, we reverse and remand for further fact-finding to resolve whether the petition was timely filed.

In April 2003, Ellis claims he received a newspaper article from which he learned for the first time that his trial counsel had been racially biased against his co-defendant's counsel. While he acknowledges he knew of the deficiencies in his attorney's

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

trial performance at the time of conviction, he claims he did not know they were attributable to racial animus until he received the article. In August 2003, he filed a habeas corpus petition in California Superior Court arguing that his attorney's bias violated his Sixth Amendment right to conflict-free counsel. His petition was dismissed as untimely and meritless. The California Court of Appeal and California Supreme Court summarily denied Ellis's subsequent habeas petitions. Ellis filed his federal habeas petition three months after the California Supreme Court issued its denial. He included the Sixth Amendment claim presented in the state courts as well as three other claims that he had raised in his direct appeal (which concluded in 1996 and are thus otherwise untimely under AEDPA).

Under 28 U.S.C. § 2244(d)(1)(D), a federal habeas corpus petition must be filed within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The district court did not resolve when Ellis could have discovered through the exercise of due diligence his Sixth Amendment claim. Rather, the district court found that even if the statute of limitation was triggered in April 2003 as Ellis claimed, his petition would still be untimely because it was filed in June 2005, more than a year later, and Ellis was not entitled to statutory or equitable tolling during that time. We review de novo the district court's denial of Ellis's habeas petition as untimely. See *Laws v. Lamarque,* 351 F.3d 919, 922 (9th Cir.2003).

We do not reach Ellis's claim that he is entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). This issue was not certified for appeal by the district court or our motions panel. We decline to exercise our discretion to address it now. *See*

*Slack v. McDaniel,* 529 U.S. 473, 483–84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

With regard to Ellis's claim that he is entitled to equitable tolling, we find that the district court abused its discretion in deeming the issue waived and not reaching the merits of Ellis's tolling argument. *See Brown v. Roe,* 279 F.3d 742, 745 (9th Cir. 2002). We remand for consideration of any facts supporting Ellis's entitlement to equitable tolling. *See id.* at 746.

If on remand the district court determines that Ellis is entitled to equitable tolling, it must "resolve" what it did not below, whether Section 2244(d)(1)(D) is properly invoked as to Ellis's Sixth Amendment claim. A Sixth Amendment conflict claim has two elements: 1) an actual conflict of interest that 2) adversely affects the lawyer's performance. *Cuyler v. Sullivan,* 446 U.S. 335, 348, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). Ellis certainly knew at the time of trial that his counsel performed deficiently. What he claims he did not know until 2003 was that his counsel had an actual conflict of interest that caused his performance to be deficient. The district court did not determine when Ellis could have uncovered the existence of the racial conflict. "Because there is no evidence in the record from which it can be determined when with the exercise of due diligence [the petitioner] could have discovered" the factual predicate for his claim, remand is appropriate. *See Hasan v. Galaza,* 254 F.3d 1150, 1155 (9th Cir. 2001).

The district court may yet determine that Ellis's petition is untimely because he is not entitled to equitable tolling or because he failed to exercise due diligence in uncovering the factual predicate of his claim. Therefore, we do not reach his remaining argument that all the claims

included in his habeas petition are timely if his Sixth Amendment claim is timely.

REVERSED AND REMANDED.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.