MEMORANDUM *
Patrick McKeever appeals the district court’s denial of his petition for a writ of *633 habeas corpus. See 28 U.S.C. § 2254 (2000). Because the parties are familiar with the facts, we only repeat them as necessary to understand our disposition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We reverse.
The sole issue in this case is whether the district court properly refused to consider a claim which McKeever voluntarily withdrew and later attempted to reinstate in his objections to the magistrate judge’s Report and Recommendations. The district court was required to conduct a de novo review of those portions of the magistrate’s report to which McKeever objected and had discretion to consider an issue newly-raised in those objections. See 28 U.S.C. § 636(b)(1)(C); Brown v. Roe, 279 F.3d 742, 744-45 (9th Cir.2002).
Although the district court said that it had conducted a de novo review of McKeever’s objections and implied that it had looked into McKeever’s attempted reinstatement of Ground Three at least closely enough to confirm the earlier withdrawal, this Court has held that the exercise of discretion requires more. See Brown, 279 F.3d at 745 (finding the bare assertion that the court had conducted a de novo review insufficient); United States v. Howell, 231 F.3d 615, 621-22 (9th Cir. 2000) (emphasizing that a court must do more than “summarily accept[ ] or deny[ ] the motion”). Instead, the district court should have “specifically addressed” the newly-raised objection and provided reasons for its rejection. See Brown, 279 F.3d at 745.
Accordingly, we REVERSE and REMAND so that the district court may exercise its discretion regarding McKeever’s attempt to reinstate Ground Three of his habeas petition.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.