**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEFFREY JONES, | No. 06-55616 |
| Petitioner - Appellant, | D.C. No. CV-05-06330-GAF |
| v. | |
| JOHN MARSHALL, | MEMORANDUM [*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted January 14, 2010
Pasadena, California

Before: SCHROEDER, CANBY and McKEOWN, Circuit Judges.

   Jeffrey Jones, a California state prisoner, appeals the district court's denial

of his 28 U.S.C. § 2254 habeas corpus petition, challenging his conviction of

second degree murder, child abuse and related crimes. The district judge adopted

the final report and recommendation of the magistrate judge dismissing the petition

---

   [*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

as untimely and refusing, in the exercise of discretion, to consider the petitioner's claim that the statute of limitation should be equitably tolled. The equitable tolling argument was not raised until petitioner filed his objections to the magistrate's original report. As the district court pointed out, the petitioner had ample opportunity to raise the issue in response to the state's motion to dismiss on timeliness grounds.

The law of this Circuit, which is in accord with the laws of other Circuits, grants a district court discretion to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation. *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) (citing *Freeman v. County of Bexar*, 142 F.3d 848, 850-53 (5th Cir. 1998); *Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990 (1st Cir. 1988)). We cautioned, however, that the district court "must actually exercise its discretion, rather than summarily accepting or denying the motion." *Id.* at 622.

In this case, the magistrate judge was scrupulously careful in stating expressly that he was exercising his discretion to refuse to consider the evidence because the equitable tolling claim was not novel and should have been raised earlier. Thus petitioner's claim is distinguishable from the situation in *Brown v. Roe*, 279 F.3d 742 (9th Cir. 2002). There was no abuse of discretion in this case.

The district court's earlier dismissal of another petition for failure to name the correct party has no bearing on the dismissal of the petition involved in this appeal.  No contention regarding the earlier petition was ever presented to the district court in these proceedings.

**AFFIRMED**.