**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANNY MARTINEZ VALDEZ,<br><br>            Petitioner - Appellant,<br><br>  v.<br><br>V. M. ALMAGER,<br><br>            Respondent - Appellee. | No. 09-55150<br><br>D.C. No. 5:07-cv-01444-AHS-RCF<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Alicemarie H. Stotler, District Judge, Presiding

Argued and Submitted May 2, 2011
Pasadena, California

Before:  PREGERSON, FISHER and BERZON, Circuit Judges.

Danny Valdez appeals the district court's judgment dismissing his habeas

petition as untimely.  We vacate and remand.

1.      The district court denied statutory tolling for the 82-day interval

between the California Court of Appeal's denial of Valdez's second habeas

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

petition and Valdez's filing of his third petition in the California Supreme Court because Valdez "offer[ed] no justification for the delay."  In his objections to the magistrate judge's report and recommendation, however, Valdez, proceeding pro se, offered an explanation for the delay, arguing that he did not have access to trial transcripts and other legal materials.  *See Brown v. Roe*, 279 F.3d 742, 745-46 (9th Cir. 2002) (holding that the district court abused its discretion by failing to consider a pro se petitioner's tolling argument, even though it was raised for the first time in objections to the magistrate judge's report and recommendation).  Valdez's explanation may have merit and should be addressed by the district court on remand.  As the district court has already noted, there is, even in the existing record, evidence that Valdez diligently sought the transcripts.  *See* Report & Recommendation Sept. 26, 2008, at 4.  There is also reason to conclude that the lack of transcripts excused the delay, given that the California Superior Court had previously denied relief on account of Valdez's failure to provide record support to substantiate his claims.  Valdez should be permitted to file a supplemental opposition to the motion to dismiss so that he may further address these issues.

2.     Valdez also sought discovery to establish equitable tolling during the 168-day interval between the California Supreme Court's denial of his third habeas petition and the filing of his federal habeas petition.  The district court denied the

motion by assuming that Valdez was seeking tolling for only 41 days. Valdez's discovery motion, however, covered the entire 168-day period. The requested discovery thus could have supported sufficient equitable tolling to render his petition timely. *See Brown*, 279 F.3d at 744, 746 (holding that the district court erred by dismissing a habeas petition as untimely when the pro se petitioner had sought discovery needed for the factual development of his equitable tolling claim).

For these reasons, we vacate the judgment and remand to the district court to permit Valdez to conduct the requested discovery and present additional argument on his statutory and equitable tolling claims. In particular, after permitting Valdez to conduct the requested discovery, the court should reconsider whether Valdez is entitled to statutory tolling during the 82-day interval between his state petitions and whether he is entitled to equitable tolling during the 168-day interval – or some portion thereof – between his state and federal petitions.

Valdez is advised that, to obtain equitable tolling, he must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The movant must show that the extraordinary circumstances 'were the

cause of his untimeliness.'" *United States v. Buckles*, --- F.3d ----, 2011 WL 2150992, at *5 (9th Cir. June 2, 2011) (quoting *Bryant v. Ariz. Attorney Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2006)).

We decline the state's invitation to consider whether the certificate of appealability was improvidently granted. *See Phelps v. Alameda*, 366 F.3d 722, 726 (9th Cir. 2004) ("[M]erits panels are not required to examine allegedly defective COAs in the face of jurisdictional challenges.").

**VACATED AND REMANDED.**