CALLAHAN, Circuit Judge,
concurring:
I concur with the panel majority’s decision to remand to the district court with respect to Lowe’s “lack of AEDPA materials” argument in support of equitable tolling. Although it appears unlikely that the law library where Lowe is incarcerated in fact has no materials discussing AEDPA’s requirements, the district court did not address this claim and remand is proper under Brown v. Roe, 279 F.3d 742 (9th Cir.2002).
However, remand is not necessary with respect to Lowe’s arguments that her claims should be equitably tolled due to her “lack of education” and “lack of access to the law library” claims. Ignorance of the law or lack of education alone are not sufficiently extraordinary circumstances to warrant equitable tolling. See, e.g., Ford v. Pliler, 590 F.3d 782, 789 (9th Cir.2009); Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir.2006). Further, the routine restrictions on Lowe’s access to the prison law library do not constitute extraordinary circumstances making timely filing impossible under Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir.2005). Because the “lack of education” and “lack of library access” tolling arguments fail on their merits, remand on those issues would be futile.