**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RAY LEE VAUGHN,

              Plaintiff-Appellant,

v.

HOOD, Correctional Officer, High Desert
State Prison; ROLLANDS, Correctional
Officer, High Desert State Prison,

              Defendants-Appellees.

No. 15-17406

D.C. No. 2:14-cv-02235-MCE-KJN

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted November 16, 2016**

Before:     LEAVY, BERZON, and MURGUIA, Circuit Judges.

      California state prisoner Ray Lee Vaughn appeals pro se from the district

court's judgment dismissing for failure to exhaust administrative remedies his 42

U.S.C. § 1983 action arising from defendants' alleged failure to protect him from

_____

      *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      **     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

an assault.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

*Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc) (legal rulings on

exhaustion); *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005) (Fed. R. Civ. P.

12(b)(6) motion to dismiss).  We affirm.

The district court properly dismissed Vaughn's action for failure to state a

claim because it is clear from the face of the complaint and its attachments that

Vaughn failed to exhaust his available administrative remedies by failing to appeal

separately the third-level cancellation decision.  *See Woodford v. Ngo*, 548 U.S. 81,

90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all

steps that the agency holds out, and doing so properly (so that the agency addresses

the issues on the merits)." (emphasis, citation, and internal quotation marks

omitted)); *Albino*, 747 F.3d at 1169 ("[W]here a failure to exhaust is clear from the

face of the complaint, a defendant may successfully move to dismiss under Rule

12(b)(6) for failure to state a claim."); *see also Nat'l Ass'n for the Advancement of*

*Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) (in

determining whether the complaint states a claim for relief, "we may consider facts

contained in documents attached to the complaint").

The district court did not abuse its discretion by declining to consider

Vaughn's contention – raised for the first time in his objections to the magistrate

judge's findings and recommendations – that his failure to exhaust should be excused because administrative remedies were effectively unavailable. *See Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002) (setting forth standard of review and stating that district judge has discretion to decide whether to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider documents not filed with the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

**AFFIRMED.**