**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT



# FILED

APR 09 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RANCHERS CATTLEMEN ACTION LEGAL FUND UNITED STOCKGROWERS OF AMERICA, a Montana Corporation,

Plaintiff-Appellee,

v.

SONNY PERDUE, in his Official Capacity as Secretary of Agriculture and UNITED STATES DEPARTMENT OF AGRICULTURE,

Defendants-Appellants.

No. 17-35669

D.C. No. 4:16-cv-00041-BMM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Argued and Submitted March 5, 2018
Portland, Oregon

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: N.R. SMITH and HURWITZ, Circuit Judges, and CURIEL,** District Judge.

Sonny Perdue, Secretary of Agriculture (Secretary), appeals the district court's grant of Ranchers-Cattlemen Action Legal Fund United Stockgrowers of America's (R-CALF USA) motion for a preliminary injunction. We have jurisdiction under 28 U.S.C. § 1292(a), and we affirm.

Under our "limited and deferential" review that "does not extend to the underlying merits of the case," we are unable to say the district court abused its discretion in granting the preliminary injunction. *Thalheimer v. City of San Diego*, 645 F.3d 1109, 1115 (9th Cir. 2011) (citation omitted). Preliminary injunctions are reviewed for an abuse of discretion. *Paramount Land Co. v. Cal. Pistachio Comm'n*, 491 F.3d 1003, 1008 (9th Cir. 2007); *Thalheimer*, 645 F.3d at 1115. "Under this standard, as long as the district court got the law right, it will not be reversed simply because the appellate court would have arrived at a different result if it had applied the law to the facts of the case." *Thalheimer*, 645 F.3d at 1115 (alteration and citation omitted). However, "[a] trial court abuses its discretion if it bases its decision on an erroneous legal standard or on clearly erroneous factual

---

** The Honorable Gonzalo P. Curiel, United States District Judge for the Southern District of California, sitting by designation.

2

findings." *United States v. Schiff*, 379 F.3d 621, 625 (9th Cir. 2004) (quotation marks omitted).

1. The district court did not abuse its discretion by finding that the instant assessment likely violated R-CALF USA's First Amendment rights. The Secretary does not denote where the district court applied an "erroneous legal standard." Rather, the Secretary takes issue with the district court's conclusion. This is insufficient to support reversal of a preliminary injunction. The district court outlined the correct legal standards as found in *Johanns v. Livestock Marketing Association*, 544 U.S. 550 (2005), *Paramount*, and *Delano Farms Co. v. California Table Grape Commission*, 586 F.3d 1219 (9th Cir. 2009), and applied those standards to the facts of this case. Reviewing the facts of these cases against the instant case, we cannot say the district court incorrectly concluded it was likely R-CALF USA would succeed on the merits. Unlike prior cases, the Secretary does not appoint any members of the Montana Beef Council (MBC), does not have pre-approval authority over the MBC's advertising, and may only decertify after an action has been taken. In addition, any oversight the Secretary might exert over the

3

MBC is one, additional step further removed from the governmental oversight analyzed in *Johanns*, *Paramount*, and *Delano Farms*.[1]

2. The district court did not abuse its discretion by finding that the "redirection" procedures were insufficient. The district court set out the correct

---

[1] The Secretary, through the Agricultural Marketing Service, entered into a Memorandum of Understanding (MOU) with the MBC ten days after the magistrate judge issued his findings and recommendations. On its face, the MOU granted the Secretary additional authority over the MBC. The Secretary attached the MOU in its objection to the magistrate judge's findings and recommendations. However, the district court's memorandum and order did not discuss the MOU. Nonetheless, the Secretary waived any argument that the district court's silence regarding the MOU was an abuse of discretion, because he failed to articulate this argument in his opening brief. *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990) ("The general rule is that appellants cannot raise a new issue for the first time in their reply briefs." (quotation marks and alterations omitted)); *see also Crime Justice & Am., Inc. v. Honea*, 876 F.3d 966, 978 (9th Cir. 2017) ("Issues raised in a brief which are not supported by argument are deemed abandoned." (citation omitted)). The Secretary asserted in the opening brief only that the MOU "makes the agency's oversight authority even more explicit" and that the district court "did not discuss the MOU in its order." The opening brief did not assert that the failure to address the MOU was an independent basis to conclude that the district court abused its discretion, nor did the Secretary refer to *United States v. Howell*, 231 F.3d 615, 621-22 (9th Cir. 2000) (addressing the district court's duty regarding supplemental evidence provided in an objection to a magistrate's recommendation), or its progeny, for that proposition. Rather, in the reply brief, the Secretary argued—for the first time—that "the district court's failure to explain its reasons for not considering the MOU constitutes an abuse of discretion," and cited the relevant case law. Accordingly, we decline to consider the MOU's impact for the first time on appeal. *See Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief. . . . [A] bare assertion does not preserve a claim, particularly when, as here a host of other issues are presented for review." (citation omitted)).

4

legal standards as outlined in *Knox v. Service Employees International Union*, 567 U.S. 298 (2012), and applied those standards to the facts of this case. Like the labor union political contributions disapproved of in *Knox*, those who wish to opt out of assessments going to the MBC must do so every time cattle are sold. *Knox*, 567 U.S. at 322, 322 n.9; Soybean Promotion, Research, and Consumer Information; Beef Promotion and Research; Amendments To Allow Redirection of State Assessments to the National Program; Technical Amendments, 81 Fed. Reg. 45,984-01 (proposed July 15, 2016) (to be codified at 7 C.F.R. parts 1220 to 1260) (amending regulations to require a request for a "redirection" by the "15th day of the month following the month the cattle were sold"). The Secretary disagrees with the district court's reading of *Knox*, but neither cites additional binding authority to contradict *Knox*'s reasoning, nor identifies a legal error by the district court. This is insufficient to warrant reversing a preliminary injunction.

**AFFIRMED.**

*R-CALF USA v. Perdue*, 17-35669

HURWITZ, Circuit Judge, dissenting:

Even given our deferential standard of review, I believe that the district court erred in granting the preliminary injunction.

As the Supreme Court has made plain, the critical question in determining whether speech is public or private in the precise context of this case is whether the speech is "effectively controlled" by the government. *Johanns v. Livestock Mktg. Ass'n*, 544 U.S. 550, 560 (2005). The Memorandum of Understanding between the Secretary and the Montana Beef Council ("MBC") plainly grants the Secretary complete pre-approval authority over "any and all promotion, advertising, research, and consumer information plans and projects" of the MBC. The district court failed to even discuss the Memorandum in granting the preliminary injunction, let alone suggest why it was not a facially enforceable agreement.

To be sure, the Memorandum was not submitted to the district court until after the magistrate judge made his report and recommendation; "a district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000). But, "the district court must actually exercise its discretion" rather than simply ignore the new evidence, as it did here. *Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002) (citation omitted). Moreover, the Memorandum

was not entered into until after the issuance of the report and recommendation—and plainly was designed to remedy the purported deficiencies in "effective control" by the Secretary identified in the magistrate judge's submission. Under these circumstances, the district court's decision to preliminarily enjoin the operation of a federal program as unconstitutional without at least addressing the Memorandum was an abuse of discretion.

I find mystifying the majority's conclusion the Secretary has waived any argument based on the Memorandum. His opening brief repeatedly cites the Memorandum and expressly notes the failure of the district court to address it. The district court did not rely on *Howell* in failing to address the Memorandum, and I cannot conclude that the Secretary waived any argument based on the Memorandum simply because the majority has concluded, post-hoc, that his brief should also have sought to distinguish *Howell*. A party does not waive a clearly articulated argument by failing to anticipate the grounds on which a Court might reject it.

I respectfully dissent.