**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 22 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL BLUNK, | No. 17-15071 |
| Petitioner-Appellant, | D.C. No. 3:16-cv-08101-NVW |
| v. | |
| CHARLES L. RYAN, Warden and ATTORNEY GENERAL FOR THE STATE OF ARIZONA, | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted May 14, 2018[**]
San Francisco, California

Before:  THOMAS, Chief Judge, FRIEDLAND, Circuit Judge, and ZILLY,[***]
District Judge.

Petitioner Daniel Blunk appeals from the district court's denial of his

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

  [***] The Honorable Thomas S. Zilly, United States District Judge for the Western District of Washington, sitting by designation.

petition for a writ of habeas corpus, in which he challenges the conviction and sentence he received in Arizona state court following his guilty plea to one count of sexual exploitation of a minor and three counts of attempted sexual exploitation of a minor. We affirm.

1.     Blunk's four claims related to his sentence are "clearly not meritorious," *Ayala v. Chappell*, 829 F.3d 1081, 1096 (9th Cir. 2016) (quoting *Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002)). Blunk contends that (1) the state enhanced his sentencing range in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), (2) his counsel was constitutionally ineffective for not raising this alleged *Apprendi* violation, (3) he had inadequate notice of his sentence in violation of due process, and (4) he received an illegal sentence. But Blunk's sentence on the count of sexual exploitation of a minor fell within the prescribed statutory range. *See* Ariz. Rev. Stat. §§ 13-3553(C); 13-705(D). There was therefore no *Apprendi* violation. *See, e.g.*, *United States v. Ochoa*, 311 F.3d 1133, 1136 (9th Cir. 2002). Accordingly, counsel was not ineffective for failing to assert an *Apprendi* violation, and Blunk's sentence was not illegal. Blunk also had notice of the sentence he faced, as it was expressly stated in his written plea agreement and expressly discussed during his plea colloquy.

These claims were not presented to the state court, but because they clearly lack merit, in the interest of judicial economy we affirm on the merits the district

2

court's dismissal with prejudice of those claims "despite [the] asserted procedural bar." *Ayala*, 829 F.3d at 1096 (quoting *Franklin*, 290 F.3d at 1232).

**2.**     Blunk asserted a fifth claim for the first time in his objections to the magistrate judge's report and recommendation.  Specifically, he claimed that under *Anders v. California*, 386 U.S. 738 (1967), his appellate counsel filed a constitutionally inadequate motion to withdraw.  The district court summarily denied Blunk's objections and adopted the report and recommendation without expressly discussing Blunk's *Anders* claim.  This leaves us unsure whether the district court made a decision to refuse to consider the *Anders* claim or simply overlooked that new issue.  *See United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000) (observing that, although a district court has discretion not to consider an issue raised for the first time in objections to a report and recommendation, the district court must show that it "actually exercise[d]" that discretion).  But even "[w]ith no decision to review for abuse of discretion," we may "conclude for ourselves" whether to consider an issue raised "for the first time in . . . objections to the magistrate judge's report and recommendation[]." *United States v. Song Ja Cha*, 597 F.3d 995, 1003 n.7 (9th Cir. 2010).

Blunk's *Anders* claim was a brand-new stand-alone claim for relief that could have been raised long before the magistrate judge considered his habeas petition.  Considering this claim would permit the sort of multi-round litigation that

3

the Antiterrorism and Effective Death Penalty Act of 1996 was designed to prevent and the Federal Magistrate Act of 1968 was never meant to invite. *See* 28 U.S.C. § 2244(b)(2) (barring second or successive habeas petitions in most circumstances); *Howell*, 231 F.3d at 622 (observing that "[t]he magistrate judge system was designed to alleviate the workload of district courts"). We therefore decline to consider Blunk's *Anders* claim.[1]

**AFFIRMED**.

---

[1] *Brown v. Roe*, 279 F.3d 742 (9th Cir. 2002), does not compel a different result. There, the magistrate judge's report and recommendation alerted a pro se petitioner that his *existing* claims were at risk of being dismissed as untimely, and the petitioner responded in his objections to the report and recommendation that he was entitled to equitable tolling as to those same claims. *See id.* at 743. We held that "even if the district court had exercised its discretion, it would have been an abuse of that discretion to refuse to consider [the petitioner's] equitable tolling claim." *Id.* at 745 (internal quotation marks omitted). The same is not true here, as it would have been well within the district court's discretion to reject Blunk's *Anders* claim as untimely raised.

4