**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  19-10322 |
| Plaintiff-Appellee, | D.C. No. 4:18-cr-00032-JAS-EJM-1 |
| v. | |
| ANTHONY DELBERT JONES, Jr., | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
James Alan Soto, District Judge, Presiding

Argued and Submitted February 4, 2021
Phoenix, Arizona

Before:  W. FLETCHER, MILLER, and HUNSAKER, Circuit Judges.

Defendant Anthony Delbert Jones, Jr., entered a conditional plea of guilty to possessing a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  He reserved the right to appeal the district court's denial of his motion to suppress.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Any cross-certification error is excused under the good-faith exception to the exclusionary rule. "When evidence is obtained in violation of the Fourth Amendment, the judicially developed exclusionary rule usually precludes its use in a criminal proceeding against the victim of the illegal search and seizure." *Illinois v. Krull*, 480 U.S. 340, 347 (1987). However, when police "act with an objectively 'reasonable good-faith belief' that their conduct is lawful," the exclusionary rule does not apply because the underlying deterrence rationale fails and exclusion is not justified. *Davis v. United States*, 564 U.S. 229, 238 (2011) (citation omitted) (collecting cases). Here, based on Sheriff Napier's letter, Agent Bullock reasonably believed he was cross-certified under Arizona law and that he had the power to make the traffic stop. The good-faith exception to the exclusionary rule thus applies, and there is no basis to exclude the evidence.

Even if we were to assume the stop violated the Appropriations Clause and the Purpose Act, suppression would not be an appropriate remedy in this case. *See Hudson v. Michigan*, 547 U.S. 586, 591 (2006) ("Suppression of evidence . . . has always been our last resort, not our first impulse."); *see also Sanchez-Llamas v. Oregon*, 548 U.S. 331, 347 (2006) ("[T]he exclusionary rule is not a remedy we apply lightly."); *United States v. Dreyer*, 804 F.3d 1266, 1278 (9th Cir. 2015) (en banc) ("[W]e recognize that all three cases reflect the Supreme Court's recent

direction that the [exclusionary] rule is a remedy of last resort . . . .").  There is no "exceptional reason" justifying exclusion.  *See United States v. Harrington*, 681 F.2d 612, 615 (9th Cir. 1982).

Finally, the district court should not have summarily adopted the magistrate judge's report and recommendation without addressing all of Defendant's objections, namely that the magistrate judge failed to address his constitutional challenges to cross-certification.  *See Brown v. Roe*, 279 F.3d 742, 745 (9th Cir. 2002).  When a party objects to the proposed findings and recommendations, the district court judge must "make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  However, in the case before us, addressing the objections would not have resulted in a different outcome.

**AFFIRMED.**

3