NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 28 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES WILBURN MENEFIELD, | No.  23-55148 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:21-cv-04910-VAP-PLA |
| J. ANDERSON, Supervising Correctional Cook, individual and official capacity, M. DELEON, Correctional Supervising Cook, individual and official capacity, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted October 28, 2024**
San Francisco, California

Before:  WALLACE, O'SCANNLAIN, SILVERMAN, Circuit Judges.

James Menefield, a California state prisoner proceeding pro se, appeals from

the district court's summary judgment in favor of Defendants-Appellees in his 42

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1983 action alleging retaliation for filing grievances in violation of the First Amendment. We have jurisdiction under 28 U.S.C. § 1291. "We review an order granting summary judgment de novo, applying the same standard as the district court: Whether, with the evidence viewed in the light most favorable to the non-moving party, there are no genuine issues of material fact, so that the moving party is entitled to a judgment as a matter of law." *Brodheim v. Cry*, 584 F.3d 1262, 1267 (9th Cir. 2009) (cleaned up). We review for abuse of discretion a trial court's decision whether or not to take judicial notice. *See Lee v. City of Los* Angeles, 250 F.3d 668, 689 (9th Cir. 2001). We affirm.

The district court properly granted summary judgment because Menefield failed to show a genuine dispute of material fact that Supervising Correctional Cooks Anderson and DeLeon took adverse actions against him because of his filed grievances or threats to file future grievances. *See Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (setting forth the elements of a First Amendment retaliation claim in "the prison context").

Menefield made only speculative allegations that his removal from the critical worker list, Anderson's rules violation report, DeLeon's supplemental rules violation report, and Anderson's pressing of the alarm pad were retaliatory actions in response to his grievances, rather than appropriate responses to Menefield's noncompliance with prison policy mandating facial coverings in the kitchen. *See*

2

*Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014) ("We have repeatedly held that mere speculation that defendants acted out of retaliation is insufficient."); *Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995) (observing that "timing can properly be considered as circumstantial evidence of retaliatory intent" but that "sheer speculation" alone does not support the inference).

Nor has Menefield raised a genuine dispute of material fact on the element of whether Anderson's and DeLeon's actions chilled the exercise of his First Amendment rights. Anderson and DeLeon presented evidence showing that Menefield filed multiple grievances claiming retaliation and pursued all available appeals within the prison system, then brought the action giving rise to this appeal, all without explicit or implied threats of retribution. Under these circumstances, Menefield has not met his burden to show that he was chilled, or that "a person of ordinary firmness" would be chilled, "from future First Amendment activities." *See Brodheim*, 584 F.3d at 1271, quoting *Rhodes*, 408 F.3d at 568–69.

There is no genuine dispute of material fact that Anderson's and DeLeon's enforcement of prison policies designed to protect inmates and staff from the spread of COVID-19 advanced a legitimate correctional goal. *See Ashker v. Newsom*, 81 F.4th 863, 892 (9th Cir. 2023) ("[The] safety of the institution's guards and inmates is perhaps the most fundamental responsibility of the prison administration."),

quoting *Hewitt v. Helms*, 459 U.S. 460, 473 (1983), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472, 484 (1995).

The magistrate judge did not abuse his discretion in denying as untimely Menefield's request for judicial notice—submitted after the magistrate judge issued his report and recommendation—of a 1998 California corrections department policy memorandum when the request did not mention the report and recommendation or explain why Menefield failed to raise this issue in his motion for summary judgment. *See Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002), citing Federal Magistrates Act of 1968, 28 U.S.C. § 636(b)(1)(C) ("[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation."); *cf. School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (collecting cases) ("The overwhelming weight of authority is that the failure to file documents in an original motion or opposition does not turn the late filed documents into newly discovered evidence.").

**AFFIRMED.**