Mong VANG, Petitioner—Appellant,

v.

Tom L. CAREY, Warden, Respondent—Appellee.

No. 03–17194.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 13, 2006.

Decided March 16, 2006.

**580**

---

Federal Public Defender's Office, Sacramento, CA, for Petitioner–Appellant.

Alison Elle Aleman, AGCA, Office of the California Attorney General, Department of Justice, Sacramento, CA, for Respondent–Appellee.

Before: RYMER, W. FLETCHER, and CLIFTON, Circuit Judges.

### MEMORANDUM *

Mong Vang appeals the dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 as untimely. We affirm.

Vang has not shown that he is entitled to equitable tolling on account of chronic lockdowns, his lack of education and English language proficiency, or conduct of his counsel. *See Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir.2005) (noting that petitioner bears the burden of showing that equitable tolling is appropriate). He points to no "extraordinary circumstance[s]" that "stood in his way" as he sought to file his habeas petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005); *cf., e.g., Whalem/Hunt v. Early*, 233 F.3d 1146 (9th Cir.2000) (recognizing that unavailability of the newly-enacted Antiterrorism and Ef-

fective Death Penalty Act of 1996 (AED-PA) in prison library could justify equitable tolling).

■■■ Although Vang asserts that preference was given at some institutions to inmates with deadlines, he does not explain why his AEDPA-imposed deadline would not qualify him for preferred treatment or indicate that he ever attempted to obtain, but was denied, access. While he did not obtain a GED until 2000, the district court found that Vang suffered no significant language or educational barrier; its findings are supported in the record, as Vang grew up in this country, attended Sacramento schools, and tested at a 9.5 grade level overall at 16 years of age. Finally, whether or not Vang was well served by his counsel, we cannot say that it was counsel's conduct, rather than Vang's lack of diligence, that stood in the way of timely filing. It does not appear that trial counsel misled Vang in any way about his options, and Vang did not ask for transcripts until long after his habeas petition was due. *Cf. Lott v. Mueller*, 304 F.3d 918 (9th Cir.2002) (tolling the statute of limitations for 82 days where access to court files was denied).

Neither singly nor cumulatively are these "extraordinary circumstances" that justify equitable tolling. *Calderon v. U.S. Dist. Court for the Cent. Dist. of Cal. (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled on other grounds by Calderon v. U.S. Dist. Court for the Cent. Dist. of Cal. (Kelly)*, 163 F.3d 530, 540 (9th Cir.1998) (en banc); 28 U.S.C. § 2244(d)(1).

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.