OPINION
PER CURIAM.
Mark Nixon, a state prisoner proceeding pro se, appeals from the District Court’s order dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the following reasons, we will vacate and remand for further proceedings. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.
I.
In February 2005, Nixon was found guilty in the Allegheny Court of Common Pleas of narcotics violations, and the court sentenced him to a five- to ten-year sentence. In December 2005, Nixon filed a PCRA petition for post-conviction relief. The PCRA court denied Nixon’s PCRA petition, and the Superior Court affirmed the denial. On October 18, 2007, the Pennsylvania Supreme Court denied Nixon’s request for allowance of appeal.
In February 2009, Nixon filed the instant habeas petition in District Court, alleging ineffective assistance of counsel, violation of double jeopardy, use of evidence obtained pursuant to an unlawful arrest, and use of an unconstitutionally selected grand jury. The District Court referred the petition to a Magistrate Judge, who issued a report recommending the dismissal of the petition as time-barred by the statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act (“AEDPA”). The report, dated July 29, 2009, granted the parties until August 17, 2009, to file objections. On August 20, 2009, 2009 WL 2595680, the District Court adopted the Magistrate Judge’s report and denied Nixon’s habeas petition sua sponte on limitations grounds.
Four days later, on August 24, 2009, the District Court received Nixon’s motion for extension of time to file objections to the Magistrate Judge’s report. Nixon had handed this motion to prison officials on August 14, 2009. On August 27, 2009, the District Court denied Nixon’s motion as moot. Nixon appeals from the District Court’s August 20 order denying his habe-as petition. We granted a certificate of appealability to consider whether the District Court erred in summarily dismissing Nixon’s petition sua sponte on limitations grounds.
II.
We conclude that the District Court erred in dismissing Nixon’s petition on timeliness grounds without affording Nixon an adequate opportunity to file objections to the Magistrate Judge’s Report and Recommendation. While a District Court possesses the authority to raise AEDPA’s statute of limitations sua sponte, a habeas *306 petitioner must first be afforded fair notice and an opportunity to be heard on the issue of timeliness and equitable tolling. See Day v. McDonough, 547 U.S. 198, 209-10, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006); United States v. Bendolph, 409 F.3d 155, 168 (3d Cir.2005) (en banc). AEDPA’s limitation period is subject to equitable tolling, so notice and opportunity might also require fact finding if a petitioner advances arguments for equitable tolling. See Miller v. N.J. Dep’t. of Corr., 145 F.3d 616, 617-18 (3d Cir.1998).
Here, the Magistrate Judge sua sponte raised the issue of AEDPA’s statute of limitations in his report. The District Court notified Nixon of the timeliness issue by mailing him a copy of the report. Theoretically, Nixon was afforded an opportunity to respond, as he was granted seven days from the date of service to file his objections. During that seven-day window, Nixon filed a motion for extension of time to file objections to the report. However, while his motion was dated on August 14, 2009, the District Court did not receive the motion until August 24, 2009. When the court received his timely filed motion,[1] the District Judge had already adopted the Magistrate Judge’s report and dismissed the petition on timeliness grounds. Thus, Nixon was never afforded an adequate opportunity to file his objections to the report.
Accordingly, we will vacate the District Court’s order and remand. On remand, the District Court is directed to allow Nixon to file objections to the Magistrate Judge’s report, and thereafter to conduct any further proceedings consistent with this opinion.

. A pro se petitioner's motion is treated as served at the time it is delivered to the prison officials. See Smith v. Evans, 853 F.2d 155, 161-62 (3d Cir.1988).