FILED
United States Court of Appeals
Tenth Circuit

December 3, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

KEMAN FITZPATRICK,

      Petitioner - Appellant,

v.

WILLIAM MONDAY; SCOTT PRUITT,

      Respondents – Appellees.

No. 13-6166
(D.C. No. 5:13-CV-00284-M)
(W.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **HOLMES,** and **MATHESON**, Circuit Judges.

---

      Keman Fitzpatrick, an Oklahoma state prisoner proceeding pro se,[1] seeks a

certificate of appealability ("COA") to appeal the district court's dismissal of his 28

U.S.C. § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring a COA to

appeal the denial of a habeas application). Mr. Fitzpatrick also requests leave to proceed

---

      [*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

      [1] Because Mr. Fitzpatrick is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "[T]his rule of liberal construction stops, however, at the point at which we begin to serve as his advocate." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

*in forma pauperis* ("*ifp*"). Exercising jurisdiction under 28 U.S.C. § 1291, we deny both requests and dismiss this matter.

## I. **BACKGROUND**

### A. *State Court Proceedings*

On October 18, 2007, Mr. Fitzpatrick was convicted by a jury of (1) possession of a controlled dangerous substance with intent to distribute; (2) possession of a controlled dangerous substance; and (3) possession of drug paraphernalia. On November 30, 2007, he was sentenced to eighteen years, five years, and one year in prison for the respective crimes, to be served concurrently. The judgment and sentence were entered on December 17, 2007. Mr. Fitzpatrick appealed to the Oklahoma Court of Criminal Appeals ("OCCA"), which affirmed his conviction on March 25, 2009.

On June 3, 2010, Mr. Fitzpatrick filed an application for post-conviction relief in the Oklahoma County District Court ("OCDC"). The State moved to strike the application because the brief supporting it exceeded the page limit set forth in Rule 37 of the Rules of the Seventh and Twenty-Sixth Judicial Administrative Districts. *See* ROA at 43. On June 9, 2010, the OCDC granted the State's motion and struck Mr. Fitzpatrick's application. *Id.*

On December 27, 2010, the OCDC entered an order granting Mr. Fitzpatrick until February 15, 2011, to file a brief in support of his application for post-conviction relief that complied with Rule 37. *Id.* In response, Mr. Fitzpatrick filed several motions and briefs on February 16, 2011, which the OCDC construed as an attempt to circumvent

-2-

Rule 37's page limitations. *Id.* In its order denying Mr. Fitzpatrick's motions, the OCDC noted that Mr. Fitzpatrick's June 3, 2010 application had been stricken from the record and found that "a proceeding for post-conviction relief has not been properly commenced in this case." *See Fitzpatrick v. Monday*, No. CIV-13-284-M, 2013 WL 3759941, at *1 (W.D. Okla. July 10, 2013) (hereinafter "Dist. Ct. Order") (quoting Order Denying Application/Motions for Post-Conviction Relief, May 5, 2011, ECF No. 1-1, at 4).

The OCDC construed Mr. Fitzpatrick's February 16, 2011 motions as a second application for post-conviction relief, which the OCDC denied. The OCDC's order informed Mr. Fitzpatrick that he had thirty days from May 5, 2011, to appeal the denial of relief to the OCCA. Mr. Fitzpatrick failed to timely file an appeal of the denial of his second application for post-conviction relief.

On October 17, 2011, Mr. Fitzpatrick filed a third application for post-conviction relief with the OCDC, which the OCDC denied. The OCCA affirmed the OCDC's denial on April 6, 2012.

B. *Federal Habeas Proceedings*

1. **Magistrate Judge Report and Recommendation**

On March 22, 2013, Mr. Fitzpatrick filed the § 2254 habeas petition underlying this proceeding in the United States District Court for the Western District of Oklahoma. A magistrate judge reviewed Mr. Fitzpatrick's petition and recommended that the petition be denied as untimely filed. *See* Dist. Ct. Order at *1.

The magistrate judge noted that under 28 U.S.C. § 2244(d)(1)(A), a state prisoner

-3-

must file a federal habeas action within one year of the date that his state court conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." *See id.* at 2; *see also Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (explaining that under § 2244(d)(1)(A), "a petitioner's conviction is not final and the one-year limitation period for filing a federal habeas petition does not begin to run until— following a decision by the state court of last result—after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed" (quotations omitted)). The magistrate judge concluded that Mr. Fitzpatrick's conviction became final on June 23, 2009, upon expiration of the ninety-day period during which Mr. Fitzpatrick could have filed a petition for certiorari. His deadline for filing a habeas petition was, therefore, June 23, 2010—nearly three years before Mr. Fitzpatrick actually filed for relief. *See* Dist. Ct. Order at *2; *United States v. Hurst*, 322 F.3d 1256, 1259-61 (10th Cir. 2003) (one-year period calculated by the anniversary method).

The magistrate judge considered whether statutory or equitable tolling applied to permit Mr. Fitzpatrick's application. 28 U.S.C. § 2244(d)(2) provides that the one-year limitations period is tolled during the pendency of "a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." *Id.* (emphasis added). An application for state review is properly filed when it is in compliance with all applicable rules as determined by state procedural law. *See Garcia v. Shanks*, 351 F.3d 468, 471 (10th Cir. 2003).

-4-

The magistrate judge concluded that Mr. Fitzpatrick had failed to comply with state court filing requirements when, on June 3, 2010, he attempted to file an application for post-conviction relief that exceeded the page limit set forth in Rule 37. The magistrate judge noted that the OCDC had specifically found that Mr. Fitzpatrick's application had been stricken as improperly filed. Furthermore, Mr. Fitzpatrick's second application for post-conviction relief (as construed by the OCDC), submitted February 16, 2011, was filed after the expiration of the one-year limitations period and could not be applied to toll the statute of limitations. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001).

The magistrate judge also concluded that equitable tolling did not apply to permit Mr. Fitzpatrick's habeas petition. The Supreme Court has held that the one-year limitations period for filing a federal habeas action is subject to equitable tolling "in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). Generally speaking, a petitioner seeking equitable tolling must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotations omitted). Tenth Circuit precedent on equitable tolling holds that a "sufficiently supported claim of actual innocence creates an exception to procedural barriers for bringing constitutional claims," so that a petitioner providing evidence of actual innocence is not required to demonstrate due diligence in pursuing his claims. *Lopez v. Trani*, 628 F.3d 1228, 1230-31 (10th Cir. 2010). This exception, however, "is rare and will 'only be

applied in the extraordinary case.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 321 (1995)). The magistrate judge concluded that Mr. Fitzpatrick's case is not an "extraordinary case," because it does not include a "colorable showing of factual innocence." *Herrera v. Collins*, 506 U.S. 390, 404 (1993) (quotations omitted). Although Mr. Fitzpatrick asserted his innocence in his habeas petition—"I am Innocent of ALL these charges"—the magistrate judge noted that "his protestation of innocence, alone, is not sufficient to support application of equitable tolling in this case." Dist. Ct. Order at *4.

Because he concluded that Mr. Fitzpatrick is entitled to neither statutory nor equitable tolling, the magistrate judge recommended that his petition be dismissed as untimely.

2. **District Court Orders**

The district court initially adopted the magistrate judge's recommendation on May 31, 2013, without objection from Mr. Fitzpatrick. Mr. Fitzpatrick filed a motion a few days later to extend the time to file objections. The district court granted his motion and vacated its May 31, 2013 judgment. Mr. Fitzpatrick filed his objections on July 4, 2013. On July 10, 2013, the district court again adopted the magistrate judge's initial recommendation and denied the petition as untimely. *See* Dist Ct. Order at *1; *see also Fitzpatrick v. Monday*, No. CIV-13-284-M, 2013 WL 2404048 (W.D. Okla. May 31, 2013), *vacated* June 6, 2013.

-6-

## II. DISCUSSION

Mr. Fitzpatrick may not appeal the district court's denial of his § 2254 petition without a COA. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006). To obtain a COA, Mr. Fitzpatrick must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court's decision to dismiss Mr. Fitzpatrick's petition as untimely filed rested on procedural grounds, Mr. Fitzpatrick must "demonstrate both that [(1)] 'jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that [(2)] jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Clark*, 468 F.3d at 713 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Mr. Fitzpatrick has failed to meet this burden here. Mr. Fitzpatrick's habeas petition was filed nearly three years after the one-year period of limitations expired, and he has failed to make a case for either statutory or equitable tolling.

In his brief on appeal, Mr. Fitzpatrick argues that his June 3, 2010 application for post-conviction relief in the OCDC was properly filed and, along with the time for subsequent filings and proceedings, gave rise to statutory tolling. Aplt. Br. at 6-7. He notes that the OCDC issued an order on December 27, 2010, granting him until February 15, 2011, to file a new brief in support of his application for post-conviction relief. Mr. Fitzpatrick emphasizes that this order did not instruct him to file a new application, and he contends that this omission indicates the OCDC viewed his June 3, 2010 application

as properly filed pursuant to Okla. Stat. tit. 20, § 1080.  This argument fails, however, because the OCDC specifically struck his June 3, 2010 application and noted that no post-conviction proceeding had been properly commenced.

Regarding equitable tolling, Mr. Fitzpatrick merely repeats his bald assertion of innocence from his original habeas petition, stating, "I am an innocence [sic] man who has been wrongfully convicted."  Aplt. Affidavit at 1.  He does not explain why the district court was incorrect in concluding that his unsubstantiated profession of innocence did not suffice to justify equitable tolling.

In short, Mr. Fitzpatrick has failed to demonstrate that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Clark*, 468 F.3d at 713 (quotations omitted).[2]  We agree with the district court that statutory tolling is not appropriate because the OCDC specifically struck Mr. Fitzpatrick's June 3, 2010 application as improperly filed.  Mr. Fitzpatrick has likewise failed to show that equitable tolling is appropriate.

---

[2] Mr. Fitzpatrick also appears to argue that the district court failed to give him fair notice and an opportunity to present his position before acting sua sponte and dismissing his habeas petition as untimely.  Aplt. Br. at 7.  *See Day v. McDonough*, 547 U.S. 198, 209-10 (2006) (holding that a district court may consider the timeliness of a state prisoner's habeas petition sua sponte, but noting that it "must accord the parties fair notice and an opportunity to present their positions").  We disagree.  The district court vacated its May 31, 2013 judgment and gave Mr. Fitzpatrick an additional opportunity to file objections, which he did before the district court issued its final judgment.

For these reasons, we affirm the district court's decision to deny Mr. Fitzpatrick's habeas petition as untimely filed. We also deny Mr. Fitzpatrick's motion to proceed *ifp*.

ENTERED FOR THE COURT

Scott M. Matheson, Jr.
Circuit Judge