**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

AUG 29 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ASHLEY LOWE, | No. 10-56201 |
| Petitioner - Appellant, | D.C. No. 2:10-cv-02795-JVS-MLG |
| v. | |
| DEBORAH K. JOHNSON, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted August 6, 2014
Pasadena, California

Before: REINHARDT, WARDLAW, and CALLAHAN, Circuit Judges.

Petitioner Ashley Lowe, who is of limited intellectual ability, was convicted

of a second-degree murder in which she participated at the age of fifteen. In the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

course of an attempted street robbery, her armed companion shot and killed a man. Lowe accepted a plea and was sentenced to sixteen years to life.

In a *pro se* habeas petition filed in the district court, she raised a number of challenges to her conviction. Among other things, she argued that she was not informed of her rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), and that defense counsel was ineffective in failing to explain to her the terms of the plea. No federal court has heard these claims on the merits, however, because her petition was filed after the statute of limitations imposed by 28 U.S.C. § 2244(d) had expired.

When the magistrate judge issued his Report and Recommendation (R&R) dismissing Lowe's petition as untimely, he noted that she was entitled to an opportunity to present arguments as to timeliness under *Day v. McDonough*, 547 U.S. 198, 210 (2006), and that she could do so by filing objections, which she was entitled to raise under 28 U.S.C. § 636(b)(1)(C).

Lowe filed objections, asserting that she was entitled to equitable tolling. She alleged that she had "failed to respond in a timely manner do to fact that there is few and inadequate resources in the prison law library. Which failed to include materials about the (AEDPA) habeas corpus rules in filing a writ." Lowe also

2

argued that equitable tolling was warranted due to her limited access to the law library and limited education.[1]

The district judge adopted the R&R and summarily dismissed the petition in a two-sentence order, stating in relevant part:

> [T]he Court has . . . conducted a *de novo* review of those portions of the Report and Recommendation to which objections were filed. The Court accepts and adopts the filings and recommendations in the Report and Recommendation and orders that judgment be entered dismissing the petition with prejudice.

The district court order did not, however, address Lowe's equitable tolling claims.

Our decision in *Brown v. Roe*, 279 F.3d 742 (9th Cir. 2002), is directly on point. There as here, a *pro se* petitioner raised an equitable tolling argument for the first time in objections to a magistrate's recommendation that his petition be dismissed as untimely. *Id.* at 743. There as here, the district court adopted the R&R in full and "stated that the court had conducted a *de novo* examination of the issues raised in Brown's objections . . . but it did not mention Brown's equitable tolling

---

[1]Lowe simultaneously requested appointment of counsel; her request was denied. Present counsel was appointed pursuant to an order of our court.

3

argument." *Id.* at 744. Nor did it "g[i]ve reasons for rejecting it."[2] *Id.* at 745. *Brown* went on to emphasize that "[p]ro se habeas petitioners occupy a unique position in the law" and to note that Brown – again, like Lowe – had a limited education and was "functionally illiterate." *Id.* We held that "the district court abused its discretion . . . in failing to consider Brown's equitable tolling claim" and reversed and remanded for such consideration. *Id.* at 745-46.

---

[2]Here, the magistrate's R&R included what appears to be boilerplate language explaining the general standard for equitable tolling, and noting that a "prisoner's educational deficiencies, ignorance of the law, or lack of legal expertise is not an extraordinary circumstance and does not equitably toll the limitations period." The R&R also stated that "[e]quitable tolling is not available to Petitioner on the record before the Court."

Plainly, this language cannot have been included in response to the objections by Lowe, since the R&R was issued *before* she lodged those objections. *Brown* requires meaningful consideration of a *pro se* petitioner's equitable tolling arguments; preemptive rejection is quite obviously not meaningful consideration. At any rate, neither the R&R nor the district court's summary order mentioned Lowe's argument regarding inadequacy of the law library.

The magistrate judge was correct that limited education, at least on its own, is insufficient to warrant equitable tolling. *See Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009) ("A petitioner's misunderstanding of accurate information cannot merit relief, as equitable tolling requires a petitioner to show that some 'extraordinary circumstance[] beyond [his] control' cause his late petition, and this standard has never been satisfied by a petitioner's confusion or ignorance of the law alone." (citations omitted)). However, educational level is relevant in assessing whether a petitioner was diligent in pursuing his rights, and in evaluating whether an external factor posed enough of an obstacle to warrant equitable tolling. *See Doe v. Busby*, 661 F.3d 1001, 1013 (9th Cir. 2011) (explaining that petitioner's educational level should be considered in determining whether it was reasonable to expect him to realize that his counsel was performing inadequately and attempt to obtain alternate assistance or to litigate himself).

4

As a *pro se* petitioner raising equitable tolling arguments for the first time in response to a magistrate judge's recommendation that her petition be dismissed as untimely, Lowe, like Brown, was entitled not only to notice and an opportunity to respond to the dismissal of her petition[3]; she was also entitled to reasoned consideration of her claim and "appropriate development of the record." *Id.* at 746; *see also Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000).

Because the district court abused its discretion in failing to address Lowe's equitable tolling claims, we reverse and remand.[4] Because we do so based on claims that were, undisputedly, properly presented both to the district court and on appeal, we need not reach Lowe's uncertified claims or rule on the Motion to Take Judicial Notice in support of them.

REVERSED and REMANDED.

---

[3]Other circuits have held in unpublished opinions that notice of the opportunity to raise objections to a magistrate's R&R is adequate to satisfy *Day*, 547 U.S. at 210. *Fitzpatrick v. Monday*, 549 Fed. App'x 734, 738 n.2 (10th Cir. 2013); *Torres v. Davis*, 416 Fed. App'x 480, 482 (6th Cir. 2011); *Nixon v. Beard*, 361 Fed. App'x 304, 305-06 (3d Cir. 2010); *Wogoman v. Abramajtys*, 243 Fed. App'x 885, 890 n.4 (6th Cir. 2007).

[4]Under *Brown*, which imposes a procedural requirement, the district court erred in failing to address each of Lowe's arguments for equitable tolling – not just the potentially meritorious ones. We note, however, that we have not recognized a petitioner's limited education or routine limits on access to a prison law library as sufficiently extraordinary circumstances to warrant equitable tolling. *See, e.g.*, *Vang v. Carey*, 171 Fed. App'x 579, 580 (9th Cir. 2006).

_Lowe  v  Johnson  10-56201_

CALLAHAN, Circuit Judge, concurring:

I concur with the panel majority's decision to remand to the district court with respect to Lowe's "lack of AEDPA materials" argument in support of equitable tolling.  Although it appears unlikely that the law library where Lowe is incarcerated in fact has no materials discussing AEDPA's requirements, the district court did not address this claim and remand is proper under _Brown v. Roe_, 279 F.3d 742 (9th Cir. 2002).

However, remand is not necessary with respect to Lowe's arguments that her claims should be equitably tolled due to her "lack of education" and "lack of access to the law library" claims.  Ignorance of the law or lack of education alone are not sufficiently extraordinary circumstances to warrant equitable tolling.  _See_, _e.g._, _Ford v. Pliler_, 590 F.3d 782, 789 (9th Cir. 2009); _Rasberry v. Garcia_, 448 F.3d 1150, 1154 (9th Cir. 2006).  Further, the routine restrictions on Lowe's access to the prison law library do not constitute extraordinary circumstances making timely filing impossible under _Gaston v. Palmer_, 417 F.3d 1030, 1034 (9th Cir. 2005).  Because the "lack of education" and "lack of library access" tolling arguments fail on their merits, remand on those issues would be futile.