**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 23, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
————————————————

THOMAS CRAIG LEVERING,

    Petitioner - Appellant,

v.

JANET DOWLING,

    Respondent - Appellee.

No. 17-6229
(D.C. No. 5:16-CV-00431-M)
(W.D. Oklahoma)

————————————————

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]
————————————————

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.
————————————————

    Petitioner Thomas Levering, an Oklahoma state prisoner proceeding pro se,[1]

seeks a certificate of appealability ("COA") to appeal from the district court's

dismissal of his habeas petition brought under 28 U.S.C. § 2254. The district court

dismissed Mr. Levering's petition as untimely—barred by 28 U.S.C. §2244(d)'s one-

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule Appellate Procedure 32.1 and 10th Circuit Rule 32.1.

[1] Because Mr. Levering is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

year limitations period. We deny Mr. Levering's COA request and dismiss the petition.

## I.  BACKGROUND

Mr. Levering was convicted by a jury in Oklahoma state court on one count of assault with intent to commit a felony, one count of kidnapping, and four counts of second-degree rape by instrumentation on February 15, 2012, and was sentenced to six consecutive life sentences on March 21, 2012. Mr. Levering filed a notice of intent to appeal with the trial court on March 30, 2012. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed his conviction but remanded the matter to the district court for resentencing on November 21, 2013. *Levering v. State*, 315 P.3d 392, 398 (Okla. Crim. App. 2013). On October 27, 2014, Mr. Levering was resentenced and again received life imprisonment on all counts. At resentencing, Mr. Levering stated he would not appeal his sentence. But he sent a notice of intent to appeal to the OCCA that same day. The notice was docketed by the OCCA on October 29, 2014. To initiate a direct appeal under OCCA rules, however, Mr. Levering was required to file a notice of intent to appeal with the *trial* court within ten days from the date the judgment was imposed. Okla. Stat. tit. 22, ch. 18, app., R. 2.1(B), 2.5(A).

On May 29, 2015, Mr. Levering filed a motion with the state trial court to produce trial transcripts and trial exhibits. The trial court has not responded to this motion. On October 7, 2015, Mr. Levering filed an application for post-conviction relief in the state trial court. On October 21, 2015, the state court struck the

2

application for failure to comply with the court's rule regarding page limits. Mr. Levering then filed a second application for post-conviction relief on November 19, 2015. The trial court denied this application on January 5, 2016. Mr. Levering appealed the denial on January 15, 2016, but failed to attach a certified copy of the district court order being appealed, as required by Okla. Stat. tit. 22, ch. 18, app., R. 5.2(C)(2). As a result, the OCCA declined jurisdiction and dismissed Mr. Levering's appeal on February 24, 2016.

Mr. Levering next filed an application for writ of habeas corpus, as permitted by 28 U.S.C. § 2254, in the United States District Court for the Western District of Oklahoma on April 20, 2016. While his federal habeas action was pending, on October 27, 2016, Mr. Levering filed a third application for post-conviction relief with the state trial court, asserting actual innocence. The state court denied Mr. Levering's third application for post-conviction relief on November 3, 2016, and Mr. Levering filed a timely appeal of that decision. The OCCA affirmed the denial of the petition on February 17, 2017. On May 17, 2017, Mr. Levering filed an amended application for a writ of habeas corpus with the federal district court.

A magistrate judge issued a Report and Recommendation, recommending that Mr. Levering's original habeas petition be denied as time-barred under § 2244(d), and not subject to statutory tolling, equitable tolling, or the "actual innocence" exception. The magistrate judge further recommended that the amended petition be construed as a motion to amend and be denied. Mr. Levering filed an objection to the magistrate judge's report. The district court adopted the Report and Recommendation

3

and dismissed Mr. Levering's petition for habeas relief on timeliness grounds on October 24, 2017. Mr. Levering filed a notice of appeal with the district court on October 30, 2017, which the district court construed as an application for a COA and denied as such on November 3, 2017. Mr. Levering then filed a notice of appeal and a motion for a COA. The district court again denied Mr. Levering's request for a COA.

## II.    DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) conditions a state prisoner's right to appeal a denial of habeas relief on the grant of a COA, which requires the applicant to demonstrate a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)(A), (c)(2). Where, as here, the district court denies a habeas petition on procedural grounds, we issue a COA only when the prisoner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Mr. Levering cannot make that showing and we deny his request.

The AEDPA provides a one-year limitations period for habeas corpus petitions filed by state prisoners. *See* 28 U.S.C. § 2244(d)(1). Section 2244(d)(1) provides four dates that may commence the limitations period, but only one is implicated here—

4

"the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Because Mr. Levering did not file a direct appeal with the state trial court after his resentencing, his conviction became final under Oklahoma law on November 6, 2014, ten days after his sentence was pronounced on October 27, 2014. *See* Okla. Stat. tit. 22, § 1051; Okla. Stat. tit. 22, ch. 18, app., R. 2.1(B), 2.5(A). Thus, any federal habeas petition filed after November 9, 2015 is untimely, unless impacted by tolling principles. *See* 28 U.S.C. § 2244(d)(1); Fed. R. Civ. P. 6(a)(1)(C); *United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003).

The petition at issue here was not filed until April 20, 2016. Thus, we will only consider Mr. Levering's petition if the limitations period was either statutorily or equitably tolled.

## A. *Statutory Tolling*

Statutory tolling stops the running of the limitations period during the pendency of any "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). However, "[o]nly state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations." *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006).

Mr. Levering contends that his motion for transcripts and exhibits filed with the state trial court on May 29, 2015 qualifies as an application for "other collateral State review." We disagree. The United States Supreme Court has instructed that for purposes of § 2244(d)(2), "collateral review of a judgment or claim means a judicial

5

reexamination of a judgment or claim in a proceeding outside of the direct review process." *Wall v. Kholi*, 562 U.S. 545, 553 (2011) (internal quotation marks omitted). *See also Woodward v. Cline*, 693 F.3d 1289, 1292–94 (10th Cir. 2012) (holding that state-court motion for DNA testing does not qualify as "collateral review" and noting that other circuits have similarly held that "a motion seeking discovery *but not requesting relief from a judgment* does not toll the AEDPA limitations period" (emphasis added)). Thus, Mr. Levering's motion for transcripts and exhibits is not a motion for collateral state review.

Likewise, Mr. Levering's first application for post-conviction relief filed on October 7, 2015, does not result in statutory tolling. In determining whether an application is properly filed, we "look[] only at state procedural filing requirements." *Gibson v. Klinger*, 232 F.3d 799, 805 (10th Cir. 2000); *see Garcia v. Shanks*, 351 F.3d 468, 471 (10th Cir. 2003) ("[S]tate procedural law must govern when determining whether a state petition is 'properly filed.'"); *see also Fitzpatrick v. Monday*, 549 F. App'x 734, 737–38 (10th Cir. 2013) (denying certificate of appealability when, as here, the defendant filed an application that exceeded the page limit set by the state). Furthermore, "a state court's interpretation of its own law is binding on a federal court conducting habeas review." *Loftis v. Chrisman*, 812 F.3d 1268, 1272 (10th Cir. 2016). In this case, the government filed a motion to strike Mr. Levering's application for post-conviction relief as not complying with Local Rule 37 and the motion was granted. Thus, Mr. Levering's first application for post-

6

conviction relief was not a "properly filed application" and did not trigger statutory tolling.

Furthermore, his second and third applications for post-conviction relief were filed on November 19, 2015, and October 27, 2016, respectively. Because each was filed after the expiration of the one-year limitations period on November 9, 2015, neither could toll the statute of limitations. *See Clark*, 468 F.3d at 714. As a result, jurists of reason would not find it debatable that the district court was correct in ruling that Mr. Levering is not entitled to statutory tolling of the limitations period for filing his § 2254 petition.

### B. *Equitable Tolling*

"[W]e review the district court's decision on equitable tolling of the limitation period for an abuse of discretion." *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003). Mr. Levering is "entitled to equitable tolling if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Id.* at 653 (citations omitted). Extraordinary circumstances that could warrant equitable tolling include "when an adversary's conduct—or other uncontrollable circumstances— prevents a prisoner from timely filing." *Gibson*, 232 F.3d at 808. Mr. Levering "bears a strong burden to show specific facts to support his claim of extraordinary

7

circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008).

Mr. Levering has failed to establish either his own diligence or the presence of extraordinary circumstance. "Equitable tolling would be appropriate . . . *when a prisoner actively pursues judicial remedies* but files a defective pleading during the statutory period." *Gibson*, 232 F.3d at 808 (emphasis added). The prisoner "must diligently pursue his federal habeas claims." *Id.* Yet, the only action Mr. Levering has asserted he took between incorrectly filing his notice of appeal with the OCCA in October 2014 and sending letters to the Oklahoma County Court Clerk's Office in February 2015 was spending time in the prison law library to conduct research. Mr. Levering has similarly failed to provide any indication of the actions he took after filing his motion for transcripts and exhibits with the trial court in May 2015 and the filing of his deficient application for post-conviction relief with the state trial court in October 2015. Mr. Levering did not seek any post-conviction relief until one month before his AEDPA deadline expired, and when his second application for post-conviction relief was dismissed for failure to attach the trial court order, he did not seek leave to appeal out of time. Mr. Levering thus has not "actively pursued judicial remedies" prior to the one-year deadline imposed by the AEDPA and has not pursued his claims diligently.

Mr. Levering has also not shown that "extraordinary circumstances" prevented him from filing within the AEDPA deadline. Mr. Levering points to the limited time he had to access the prison law library, his status as a pro se litigant, and the trial

court's failure to provide him with transcripts as support for his claim of extraordinary circumstances. But we have previously held that a petitioner's pro se status does not warrant equitable tolling. *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Additionally, neither the difficulty in obtaining trial court transcripts nor his limited time in the law library are "extraordinary circumstances" that would justify the use of equitable tolling. *See Porter v. Allbaugh*, 672 F. App'x 851, 857 (10th Cir. Dec. 6, 2016) (unpublished) ("[W]e . . . conclude that reasonable jurists would not find debatable the district court's determination that Mr. Porter's general grievances [difficulties in obtaining trial transcripts and in accessing the prison law library] fail to constitute *extraordinary* circumstances."). And even if we were to assume that the delay in receiving the trial court transcripts were an "extraordinary circumstance," Mr. Levering has not shown the diligence required to warrant equitable tolling. Accordingly, jurists of reason would not find it debatable that the district court was correct in ruling that Mr. Levering is not entitled to equitable tolling of the limitations period for filing his § 2254 petition.

### C. *Actual Innocence*

Mr. Levering also argues that he has established "actual innocence," and thus should not be subjected to the statute of limitations of AEDPA. The Supreme Court has recognized that under some circumstances, "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the Court further cautioned that, "tenable

9

actual-innocence gateway pleas are rare" because the petitioner must show that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* Actual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Mr. Levering's assertions regarding his actual innocence claim do not present any new evidence. Mr. Levering has asserted that proof that the victim lied about a previous accusation of rape, the victim's drug use, the victim's prior mental health issues, and the fact that a sexual assault nurse examination ("SANE") was not performed establish his actual innocence. Each of these assertions was raised in his state criminal proceedings or post-conviction proceedings. On appeal, Mr. Levering relies primarily on the absence of a SANE as new evidence of his actual innocence. According to Mr. Levering, if a SANE had been performed, it would have confirmed his innocence. But the absence of a SANE is neither new nor evidence. Because a SANE was not performed, there is no evidence of what it would or would not have revealed. Furthermore, as acknowledged by Mr. Levering, the fact that a SANE was not performed and that no physical evidence of rape by instrumentation was produced by the government was presented at trial. Thus, Mr. Levering fails to identify any "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial" that could prove his factual innocence. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Consequently, jurists of reason would not find it debatable that the district court was correct in ruling that Mr. Levering has not satisfied the "actual innocence" exception.

10

## III. CONCLUSION

Because Mr. Levering has not shown that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," we need not reach the substantive merit of his claims. For the foregoing reasons, we DENY Mr. Levering's request for a COA and DISMISS this appeal.

Entered for the Court


Carolyn B. McHugh
Circuit Judge